DocuSign Envelope ID: 94915696-C05C-47E6-93CB-941309D1B421

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/13/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
                                                                     )

NEW YORK ATHLETIC CLUB              )         21-CV-2389 (GHW)
OF THE CITY OF NEW YORK, INC.,    )
                                                                     )
                              Plaintiff,     )         CONSENT JUDGMENT
            v.                                     )
                                                         )
KOKOMO USA LLC, and NICO        )
SERVENTI,                                       )
                                                        )
                              Defendants.  )
------------------------------------------------------ x

      Upon the consent of plaintiff, New York Athletic Club of the City of New York, Inc. ("Plaintiff," "NYAC," or the "Club"), and defendant, Kokomo USA LLC ("Defendant" or "Kokomo"), by and through its undersigned counsel, and upon the Court's findings and conclusions as set forth below, and all papers filed, orders issued and proceedings had herein, it is hereby ORDERED, ADJUDGED and DECREED that:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

### THE PARTIES

      1.      Plaintiff, New York Athletic Club of the City of New York, Inc. (also known as New York Athletic Club, NYAC, and the Club), with a principal place of business at 180 Central Park South, New York, NY 10019, is a private membership organization and a corporation under subparagraph (a)(5) of section 102 and a Type A not-for-profit corporation under section 201 of the N.Y. Not-for-Profit Corporation Law. It is a tax-exempt social organization under section 501(c)(7) of the Internal Revenue Code.

      2.      Formed in 1868, and purposed "to promote sports, exercise, and athletics of every kind and to encourage physical fitness," NYAC is among the longstanding, preeminent athletic

1

clubs in the world, sponsoring athletes at the highest levels of national and international competition, including the Olympics, while providing its members and their guests with world class athletic and social facilities in New York, and at numerous prominent athletic clubs across the country and abroad through reciprocal member privileges, including in Los Angeles.

3. Defendant Kokomo USA LLC ("Kokomo") is a Delaware limited liability company, formed on April 30, 2020, with a principal place of business at 2 Merano Court, Newport Coast, California 92657.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et. seq.*, and under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to trademarks or copyrights). Supplemental jurisdiction over the related state law claims is conferred upon this Court by 28 U.S.C. § 1367 and 28 U.S.C. §1338(b).

5. This Court has personal jurisdiction over Defendant because (a) its accused products are sold within this District; (b) it maintains a website that is accessible to and may sell directly to consumers in this District; (c) its accused products are likely to create confusion among NYAC's existing and potential members and customers, many of whom reside in this District; and (d) its accused activities are likely to cause significant harm to NYAC's reputation, goodwill, and trademarks in this District.

6. Venue for this action is proper in this Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c), as a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this District.

7. This Court has jurisdiction to enter injunctive relief including pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

# FINDINGS OF FACT

## NEW YORK ATHLETIC CLUB HISTORY AND FAME

8. In 1868, New York Athletic Club was founded by three Civil War veterans, who were elite level sportsmen and decided to form a club for amateur athletes in New York City. Throughout its long history, NYAC has been recognized nationally and internationally as dedicated to the continued growth and development of amateur sport.

9. NYAC largely changed the face of American athletics, beginning with track and field. As distances and weights were standardized, unbiased referees and officials were appointed, and a record book was established, NYAC sponsored the first national track and field championships - where two of its founders won gold medals. These activities helped transform other sports in the country, such as rowing, swimming, gymnastics, wrestling, and boxing. The sport of competitive fencing and the first competitive bicycle race were introduced in the United States by Club members. NYAC built the first squash courts in the country, staged the country's first indoor track meet, and built the country's first cinder track (an innovative track surface).

10. By 1885, NYAC had constructed its first club house headquarters at 55th Street and Sixth Avenue in Manhattan, which contained a gymnasium and swimming pool, as well as a billiards room and formal dining room, and which was heralded by the New York press as a glamorous success.

11. Around 1898, NYAC completed construction of another building in Manhattan as its club house. And in 1929, the Club completed its next building, known as NYAC's "City House," which has since served as NYAC's club house headquarters. At one of New York City's finest locations, NYAC's 24-story City House is an entire block long, with a main

entrance at 180 Central Park South (i.e., West 59th Street), and stretching down Seventh Avenue to West 58th Street.

12. NYAC's City House contains premier athletic facilities including a gymnasium and fitness center, both with state-of-the-art equipment; an indoor track; courts for basketball, squash, racquet ball, and handball; a boxing ring; fencing and wrestling rooms; locker rooms with saunas and steam rooms; and a swimming pool as part of an entire floor devoted to aquatic activities. It also has a billiards room, card room, library, dining rooms, cocktail lounge, terrace, sunroom, top floor solarium, private catering space, meeting rooms, business center, roof deck, and seven floors of member/guest rooms for overnight accommodations, many of which have a dramatic, panoramic view overlooking Central Park.

13. In addition to its City House, NYAC has another location, known as Travers Island, located in Pelham Manor, Westchester County. Purchased by the NYAC in 1888, Travers Island is one of the finest protected harbors on the Long Island Sound. This location serves as the home for NYAC's world-renown Yacht Club which for over a century has put the Club in a preeminent position in the competitive sport of yacht racing - fielding teams and winning races and regattas of national and international recognition. Travers Island is also the home of NYAC's summer Club House, with an Olympic-sized salt water outdoor swimming pool (with cabanas) overlooking the Long Island Sound, all-weather playing fields, a Fitness Center and Rowing House, and one of the most extensive tennis facilities in the Northeast comprising 15 Har-Tru courts and 3 all-weather courts. Travers Island has long extended the already-substantial range of NYAC sports and athletics to also include tennis, platform tennis, rowing, yachting, swimming, rugby, soccer, and lacrosse.

14. For over a century, NYAC has sponsored scores of members as Olympic athletes, achieving remarkable success. Since the inauguration of the Modern Olympic Games in Athens in 1896, the New York Athletic Club has won 291 Olympic medals - 161 of those have been gold, 59 silver, and 71 bronze. Among the sports in which those medals have been won are track and field, judo, water polo, rowing, swimming, fencing, diving, shooting, tennis and wrestling. At the Games in Rio de Janeiro in 2016, sixty-six NYAC members competed, winning 20 gold medals, one silver and two bronze. And at the most recent Tokyo 2020 Games, fifty-six NYAC members competed, winning 20 gold medals, five silver and five bronze. In addition, NYAC members have claimed five medals from the last three Paralympic Games, two of which have been gold (this includes the recent Tokyo Paralympics where two Club members competed, one of them winning three medals - gold, silver, and bronze).

15. Over the years, NYAC regularly has been voted among the top athletic clubs in the country. For example, since 2000, the Club Leaders' Forum has ranked the New York Athletic Club as the top athletic club in the United States six times (and on every other occasion but one that the NYAC was not voted number one, it was voted number two).

16. NYAC has an impressive network of reciprocal clubs that permits New York Athletic Club members access to dining, athletic and overnight privileges at more than 150 private clubs in the United States and around the world. Included among the NYAC's over 80 reciprocal clubs in the U.S. are the prestigious Los Angeles Athletic Club, Olympic Club in San Francisco, Detroit Athletic Club, and Ocean Reef Club in Key Largo, FL.

**THE NYAC TRADEMARKS**

17. In addition to its famous name, throughout its long history, the Club has used a Winged Foot Design logo as an emblem. The Club owns valuable trademark rights to its Winged Foot Design logo and its names "New York Athletic Club" and "NYAC," including as federally

registered. It has been using these marks for over 150 years, since at least as early as 1868. The Club's owns United States Trademark Registration Nos. 5,081,037 for the Winged Foot Design, U.S. Reg. No. 5,072,788 for the New York Athletic Club trademark, and U.S. Reg. Nos. 5,072,644 and 2,023,314 for the NYAC trademark, as further noted below:

| Mark | Trademark Registration No. | Goods Covered |
|---|---|---|
| (Winged Foot Design) | 5,081,037<br><br>Filing Date: March 21, 2016<br><br>Registration Date: November 15, 2016 | International Class 18: Gym bags, athletic bags, sports bags, travel bags, and duffle bags. **First Use in Commerce: 1960**<br><br>International Class 25: Clothing, namely, sweatshirts, sweatpants, sweatbands, tennis shirts, rugby shirts, neckties, running shorts, athletic shirts, athletic shorts, athletic jackets, tank tops, swimsuits, caps, hats, neckties, and casual-wear shirts, shorts and jackets. **First Use in Commerce: 1920**<br><br>International Class 41: Arranging, organizing, conducting and hosting social events; arranging, organizing, conducting and hosting sporting events in the fields of badminton, ballroom dance, basketball, billiards, boating, boxing, cycling, fencing, fishing, football, golf, gymnastics, handball, ice hockey, judo, lacrosse, physical fitness, platform tennis, racquetball, rowing, rugby, sailing, scuba, skiing, soccer, squash, swimming, table tennis, team handball, tennis, track and field, trap shooting, triathlons, sports games using flying discs, volleyball, water polo, and wrestling, and sporting competitions; providing recreational facilities; recreational services in the nature of health sports club facilities. **First Use in Commerce: 1868**<br><br>International Class 43: Restaurant and catering services, providing temporary housing accommodations. **First Use in Commerce: 1868** |

| | | |
|---|---|---|
| NEW YORK ATHLETIC CLUB | 5,072,788<br><br>Filing Date: March 24, 2016<br><br>Registration Date: November 1, 2016 | International Class 18: Gym bags, athletic bags, sports bags, travel bags, duffle bags. **First Use in Commerce: 1960**<br><br>International Class 25: Clothing, namely, sweatshirts, sweatpants, sweatbands, tennis shirts, rugby shirts, neckties, running shorts, athletic shirts, athletic shorts, athletic jackets, tank tops, swimsuits, caps, hats, neckties, and casual-wear shirts, shorts and jackets. **First Use in Commerce: 1920**<br><br>International Class 41: Arranging, organizing, conducting and hosting social events; arranging, organizing, conducting and hosting sporting events in the fields of badminton, ballroom dance, basketball, billiards, boating, boxing, cycling, fencing, fishing, football, golf, gymnastics, handball, ice hockey, judo, lacrosse, physical fitness, platform tennis, racquetball, rowing, rugby, sailing, scuba, skiing, soccer, squash, swimming, table tennis, team handball, tennis, track and field, trap shooting, triathlons, sports games using flying discs, volleyball, water polo, and wrestling, and sporting competitions; providing recreational facilities; recreational services in the nature of health sports club facilities. **First Use in Commerce: 1868**<br><br>International Class 43: Restaurant and catering services, providing temporary housing accommodations. **First Use in Commerce: 1868** |
| NYAC | 5,072,644<br>Filing Date: March 21, 2016<br><br>Registration Date: November 1, 2016 | International Class 18: Gym bags, athletic bags, sports bags, travel bags, and duffle bags. **First Use in Commerce: 1960**<br><br>International Class 25: Clothing, namely, athletic shirts, athletic shorts, athletic jackets, hats, and casual-wear shirts, and shorts. **First Use in Commerce: 1920** |

|  |  |  |
|---|---|---|
|  |  | International Class 41: Arranging, organizing, conducting and hosting social events; arranging, organizing, conducting and hosting sporting events in the fields of badminton, ballroom dance, basketball, billiards, boating, boxing, cycling, fencing, fishing, football, golf, gymnastics, handball, ice hockey, judo, lacrosse, physical fitness, platform tennis, racquetball, rowing, rugby, sailing, scuba, skiing, soccer, squash, swimming, table tennis, team handball, tennis, track and field, trap shooting, triathlons, sports games using flying discs, volleyball, water polo, and wrestling, and sporting competitions. **First Use in Commerce: 1868** |
| NYAC | 2,023,314<br><br>Filing Date: August 14, 1995<br><br>Registration Date: December 17, 1996 | International Class 25: Clothing, namely, sweatshirts, sweatpants, tennis shirts, rugby shirts, caps, neckties, sweatbands, running shorts, tank tops, swimsuits, jackets. **First Use in Commerce: 1920**<br><br>International Class 41: Providing recreational facilities and health club facilities. **First Use in Commerce: 1868**<br><br>International Class 42: Restaurant and catering services, providing temporary housing services and promoting sports competition. **First Use in Commerce: 1868** |

These federal registrations cover a variety of goods and services, including sporting events and restaurant services, for which the NYAC has used these marks for over 150 years, some as early as 1868, and clothing and sportswear, for which the NYAC has used these marks for over 100 years, some as early as 1920. All of these registrations are valid and subsisting.

18. In addition to its federally registered rights, the Club owns valuable common law trademark rights in various designs that incorporate its famous Winged Foot Design, including a

design known as the "Club Seal," with four basic elements, namely (i) the Winged Foot Design, (ii) with a semi-circular laurel wreath under and on the sides of the Winged Foot, (iii) all within the center of a double circle, and (iv) with the name of an athletic club and its location (here, the New York Athletic Club in New York) within the two lines of the double circle. The Club has been using the Club Seal for at least 124 years for a variety of goods and services, including in connection with clothing items for at least the past 50 years.

19.     In addition to its common law trademark rights in the Club Seal, NYAC filed a federal trademark application for one of its versions of this mark on February 18, 2021. As shown below, the Club Seal mark that is subject to this federal application includes certain elements protected by the aforementioned federal registrations, including the Winged Foot Design and New York Athletic Club name:

| Mark | Federal TN Application Serial Number | Goods Covered |
|---|---|---|
| [Club Seal image] | 90534368 | International Class 014: Cufflinks; Jewelry; Jewelry plated with precious metals; Tie pins; Trophies of precious metals. **First Use in Commerce: 1920**<br><br>International Class 018: Wallets; Athletic bags; Duffel bags; Gym bags; Sport bags; Travel bags. **First Use in Commerce: 2013**<br><br>International Class 025: Neckties; Shirts; Shorts; Sweatbands; Sweatpants; Sweatshirts; Swimsuits; Athletic jackets; Athletic shirts; Athletic shorts; Jackets; Rugby shirts; Sport shirts; Sports shirts with short sleeves; Tank tops; Headwear, namely, caps and hats. **First Use in Commerce: 1971**<br><br>International Class 041: Arranging, organizing, conducting, and hosting social entertainment events; Organization, arranging and conducting of sports competitions; Organizing, arranging, |

| | | |
|---|---|---|
| | | and conducting an array of sporting events, sports and athletic competitions and awards events; Providing facilities for recreational activities, namely, gym, health club and sporting facilities; Providing sports facilities; Providing various facilities for an array of sporting events, sports and athletic competitions and awards programmes. **First Use in Commerce: 1896**<br><br>International Class 043: Providing temporary accommodation at club facilities in the nature of guest rooms; Providing temporary housing accommodations; Restaurant, bar and catering services. **First Use in Commerce: 1896** |

20. As noted above, NYAC has been using several other variations of the Winged Foot Design, including with the semi-circular laurel wreath below and on the sides of the Winged Foot, but without the double circle, and also the Club Seal with a solid (rather than dotted) double circle.

21. All of the NYAC federal and common law marks have been widely promoted, both in the United States and throughout the world, and are among the world's most famous and widely-recognized trademarks.

## KOKOMO'S ACCUSED PRODUCTS

22. Defendant Kokomo USA LLC is a limited liability company, which was formed in April 2020.

23. It considered many different designs and themes to create a brand it believed would be catchy, noticeable and distinguishable in a crowded market. One of these themes of particular interest was the nostalgic, vintage look and feel of designs of the mid- to late-20th century.

24. Kokomo considered many different brands that would remind consumers about this time period. One such famous brand that it believed evokes this nostalgic, vintage feeling

was the New York Athletic Club. In early 2020, it reviewed various depictions of New York Athletic Club's marks and logos. It downloaded a copy of NYAC's Club Seal logo and altered it to make the accused design. This alteration was very simple. It started with the NYAC's Winged Foot Design and the semi-circular laurel wreath below and on the sides. It changed the dotted double circle from one of the NYAC's Club Seal depictions to two solid circles, and between the circles it replaced the name of the New York Athletic Club and its New York location with Kokomo Athletic Club and Los Angeles.

25. Kokomo used a small embroidery shop based in Los Angeles called KB Embroidery to print the articles, they created a website, and began selling its clothing items.

26. As a result, defendant Kokomo has engaged in the advertising and sale of certain clothing items ("Kokomo's Clothing") bearing a design, as intended, remarkably similar to NYAC's Club Seal, copying the same four basic elements of the Club Seal, namely (i) a Winged Foot seemingly identical in design to the Club's Winged Foot Trademark, (ii) with a semi-circular laurel wreath below and on the sides of the Winged Foot, (iii) all within the center of a double circle, and (iv) with the name of a supposed athletic club and its location (here, Kokomo Athletic Club Los Angeles) within the two lines of the double circle.

27. Below is a copy of a photograph of one of Kokomo's Clothing items that has been sold and shipped including into New York, with a depiction of Plaintiff's mark alongside for comparison:

| Defendant's Clothing Item Sample | Plaintiff's Common Law Trademark (and Federal Trademark application) |
|---|---|
|  | |

## CONCLUSIONS OF LAW

28. Based on the foregoing Findings of Fact, the Court sets forth its following Conclusions of Law.

29. Plaintiff owns all right, title, and interest in and to the NYAC Trademarks identified above, including the federally registered marks, the Club Seal, and all common law rights in such trademarks including all variations of its Club Seal and designs. NYAC's aforementioned trademarks are valid and subsisting.

30. Kokomo has copied NYAC's distinctive Winged Foot Design and Club Seal trademarks and has used them in connection with the advertising, offer for sale, sale, and distribution of infringing clothing.

31. Kokomo's use of its imitations of the NYAC's Winged Foot Design and Club Seal marks constitutes use in interstate commerce, is consumer-oriented, is material in that it is likely to influence purchasing decisions, and was foreseeably injurious to NYAC.

32. The overall commercial impression conveyed by Kokomo's use of its imitations of NYAC's trademarks, including the Winged Foot Design and Club Seal, is likely to cause confusion as to the origin, source, sponsorship, approval, or affiliation of Kokomo's Clothing, is likely to mislead consumers to mistakenly believe that Kokomo's Clothing emanates from, is licensed by, or is related in some manner to NYAC, and/or that Kokomo is affiliated or otherwise associated with NYAC, including for example that an athletic club called Kokomo Athletic Club in Los Angeles which sells the accused merchandise has a reciprocal privileges arrangement or other business relationship with the New York Athletic Club.

33. In sum, Kokomo's aforesaid acts constitute:

   a. federal unfair competition, false advertising, false representations and false designations of origin under 15 U.S.C. § 1125 (a);

   b. common law unfair competition and trademark infringement;

   c. unfair and deceptive acts or practices or false advertising in the conduct of business, trade, or commerce or in the furnishing of services in New York which affects the public interest, under N.Y. Gen. Bus. L. § 349;

   d. false advertising in the conduct of any business, trade, or commerce, causing foreseeable injury to NYAC, in violation of N.Y. Gen Bus. L. § 350;

   e. unfair competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and

   f. false advertising under Cal. Bus. & Prof. Code §§ 17500 *et seq.*

## ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, the Court ORDERS as follows:

(1) that defendant Kokomo USA LLC, its officers, agents, servants, employees, and all other persons in active concert or participation with them, including manufacturers, sales representatives, distributors, and advertisers, and all other persons otherwise in privity with each of them, and any others who receive a copy of this Order, are PERMANENTLY ENJOINED AND RESTRAINED

  a. from using Kokomo's infringing design, and any other design confusingly similar to NYAC's Winged Foot Design and Club Seal trademarks and any other NYAC trademark, in any manner for any products, including without limitation in connection with Kokomo's Clothing, business, and products; and

  b. from doing any other act intended, designed or calculated, or that is likely to cause confusion, mistake or deception as to the source, origin, sponsorship, approval, affiliation, and/or nature or qualities of businesses and products, or that otherwise infringes NYAC's Winged Foot Design and Club Seal and any other NYAC trademark, or that otherwise constitutes trademark infringement, unfair competition, false representations, false designations of origin, deceptive acts or practices, or false advertising; and

(2) that defendant's Counterclaim is dismissed with prejudice; and

(3) that the Court shall retain a continuing jurisdiction over this matter and over the Parties in order to enforce or otherwise resolve disputes concerning any part of this Consent Judgment.

SO ORDERED

*Katherine H. Parker*

Dated: December **13** 2021
New York, New York

KATHERINE H. PARKER
United States District Magistrate Judge

      The Parties hereby consent to entry and issuance of the above Consent Judgment without further notice.

New York Athletic Club
of the City of New York, Inc.

By: *[signature]*
Thomas A. Canova (TC 7270)
Canova Law Office LLC
488 Madison Avenue, Suite 1120
New York, NY 10022-5702
Phone: 917-940-0081
Email: tom@canovalaw.com

Joseph Diamante (JD 8578)
Dunlap Bennett & Ludwig
275 Seventh Avenue, 7th Floor
New York, NY 10001
Phone: 917-310-2815
Email: jdiamante@dbllawyers.com

*Attorneys for Plaintiff*
*New York Athletic Club of the*
*City of New York, Inc.*

OF COUNSEL:

Raymond Jones
rjones@dbllawyers.com
Brian Medich
bmedich@dbllawyers.com
Dunlap Bennett & Ludwig
211 Church St. SE
Leesburg, VA 20175
Phone: 703-777-7319

Kokomo USA LLC and Nico Serventi

By: *[signature]*
   James E. Rosini
   Sherli Furst
   Armin Ghiam
   Hunton Andrews Kurth LLP
   200 Park Avenue
   New York, NY 10166
   Phone: 212-309-1000
   Email:   jrosini@huntonAK.com
   sfurst@huntonAK.com
   aghiam@huntonAK.com

*Attorneys for Defendants*
*Kokomo USA LLC and Nico Serventi*

15